Argued April 26, affirmed May 23, 1977

SAWYER, *Appellant,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Respondent.*
(No. A76-10-14127, CA 7632)
564 P2d 743

Thomas E. Laury, Portland, argued the cause and filed the brief for appellant.

Kevin L. Mannix, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee and Richardson, Judges.

PER CURIAM.

## PER CURIAM.

In this worker's compensation case claimant contends that, contrary to the finding of the referee, Board and circuit court, she had suffered not just a scheduled injury, but rather, either both a scheduled and nonscheduled injury or solely an unscheduled injury. She contends that in either event she is entitled to substantially more compensation.

As did the circuit court, we agree with the Board's opinion affirming the order of the referee in all respects and adopt it as our own:

"Claimant requests Board review of the Referee's order which awarded 30° for 20% loss of the right leg. Claimant contends her disability is in the unscheduled area.

"Claimant, a 59 year old cook, was working three days a week at the time of her injury. She worked in the kitchen and kept striking her right hip on a nail. On another occasion, claimant testified, she slipped on some ice and fell, but did not strike her hip. Dr. Day diagnosed right hip bursitis, and claimant was treated conservatively by injections which seemed to help.

"On May 20, 1975 Dr. Utterback examined claimant and noted a long history of pain in the lateral right hip area. Dr. Utterback found no bony pathology, after X-rays, but did find tenderness about the right greater trochanter and diagnosed right trochanteric bursitis. He stated that typically this entity is difficult to deal with and tends to persist for prolonged periods of time, especially in middle-aged overweight women.

"On June 11, 1975 Dr. Bachhuber said that claimant was not responding to conservative treatment, he felt claimant had other unrelated non-medical factors contributing to her complaints.

"On August 6, 1975 the Orthopaedic Consultants examined claimant and concurred with the prior diagnoses. They found claimant to be medically stationary and needed job placement. Her disability was rated as mild as related to her loss of function of her hip and to this injury.

"A Determination Order of October 10, 1975 granted

[ 575 ]

claimant temporary total disability compensation only.

"A report of Dr. Day, dated December 15, 1975, indicated that claimant 'was completely disabled and not able to return to work as a cook until her bursitis subsided'.

"On March 31, 1976 the Orthopaedic Consultants again examined claimant and reiterated their earlier opinion.

"Claimant also suffers from hypoglycemia and hypertensive cardiovascular disease, neither is work related.

"The Referee found that claimant's disability was to her leg and must be rated as a scheduled injury. The Orthopaedic Consultants had rated her disability as mild and the Referee concluded that claimant's loss of function was 20%. He granted claimant an award of 30°.

"The Board, on de novo review, adopts the Referee's order. The medical evidence indicates the diagnosis is 'right trochanteric bursitis' and the trochanter is located in the outside part of the upper leg, not in the pelvis area, therefore, claimant's injury was not an unscheduled disability."

Affirmed.